UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NAILA CAMPBELL AND<br>NIARA MCCLOW | CIVIL ACTION |
| VERSUS | NO: 25-1500 |
| TREMEKA HOWARD, UNITED<br>STATES POSTAL SERVICE,<br>PROGRESSIVE PREMIER<br>INSURANCE COMPANY, AND XYZ<br>INSURANCE COMPANY | SECTION: T (1) |

## ORDER AND REASONS

Before the Court are a Joint Stipulation of Dismissal Without Prejudice (R. Doc. 6) filed by Plaintiffs, Naila Campbell and Niara McClow, and a Motion to Dismiss for Lack of Jurisdiction (R. Doc. 5) filed by Defendants, the United States and the United States Postal Service. For the reasons that follow, Plaintiffs' motion for voluntary dismissal is **GRANTED**, and Defendants' motion to dismiss is **DENIED AS MOOT**.

**I. BACKGROUND**

Plaintiffs allege that, on May 4, 2024, defendant Tremeka Howard, in the course and scope of her employment with the United States Postal Service ("USPS"),[1] turned into oncoming traffic and struck Ms. Campbell's vehicle, in which Ms. McClow was also a passenger. R. Doc. 1-1, pp. 3-6. On May 3, 2025, Plaintiffs filed a civil petition for damages against Tremeka Howard, USPS, Progressive Premier Insurance Company, and XYZ Insurance Company in the Civil District Court for the Parish of Orleans, Louisiana. R. Doc. 1, p. 1.

---

[1] The United States Attorney's Civil Division Chief, Peter M. Mansfield, "has certified under 28 C.F.R. § 15.4 that at all relevant times Tremeka Howard was acting within the course and scope of her federal duties at the time of the subject accident." R. Doc. 1, p. 2. *See also* R. Doc. 1-2 (Mr. Mansfield's certification).

1

Defendants removed the action to this Court on July 21, 2025. R. Doc. 1, p. 1. Additionally, because Ms. Howard was acting in the course and scope of her federal employment at the time of the incident, the United States was substituted for Ms. Howard as defendant in the case pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2679(b)(1). R. Doc. 1, pp. 2-3.

Since removal, only two substantive motions have been filed. First, Defendants moved to dismiss the case for lack of subject matter jurisdiction under the FTCA (R. Doc. 5). Specifically, Defendants noted that "the FTCA requires Plaintiffs to first present administrative claims to USPS and receive a written denial or allow the passage of six months (whichever occurs first) *before* filing suit in district court." R. Doc. 5-1, p. 1 (citing 28 U.S.C. § 2675(a)) (emphasis in original). "Because Plaintiffs presented administrative claims under the FTCA only after filing this suit," Defendants argued in the motion, "the Court presently lacks subject-matter jurisdiction and must dismiss the United States." *Id.* Defendants also noted that USPS should be dismissed because "suits under the FTCA may only proceed against the United States as defendant and not directly against the agency itself." *Id.*, pp. 1-2 (citing 28 U.S.C. § 1346, 2679). Defendants' motion was submitted to the Court on October 8, 2025, without a response from Plaintiffs.

Second, Plaintiffs filed the instant joint motion for voluntary dismissal (R. Doc. 6), in which all parties, except for Progressive Premier Insurance Company, ask that the Court voluntarily dismiss the action without prejudice, with each party to bear its own costs. R. Doc. 6, p. 1. The motion further states that Plaintiffs' administrative claims under the FTCA are currently pending before the USPS, and Plaintiffs reserve their right to refile the claims in accordance with the FTCA's jurisdictional requirements. R. Doc. 6, p. 1. Plaintiff's motion was submitted to the Court on November 19, 2025, without a response from Defendants.

## II. LAW AND ANALYSIS

### a. *Plaintiff's Motion for Voluntary Dismissal*

Plaintiffs have filed the instant motion pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Rule 41(a) contains two methods of voluntary dismissal: (1) by the plaintiff(s), Fed. R. Civ. P. 41(a)(1), and (2) by court order, Fed. R. Civ. P. 41(a)(2). A plaintiff may dismiss an action by filing either "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Here, one of the defendants, Progressive Premier Insurance Company, objects to the filing of the stipulation. Accordingly, the stipulation is not proper under Rule 41(a)(1).

However, "[w]here notice of dismissal under Rule 41(a)(1) fails, the notice may be considered a motion under Rule 41(a)(2) and the court may order the dismissal." *Plains Growers, Inc. By & Through Florists' Mt. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir. 1973). Rule 42(a)(2) allows the Court to dismiss an action at the plaintiff's request on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). "Unless the non-moving party 'will suffer some plain legal prejudice other than the mere prospect of a second lawsuit[,]' a district court should exercise its discretion to grant a motion for voluntary dismissal." *Ellisor v. Maersk Drilling USA, Inc.*, No. CV 20-2160, 2021 WL 1023049, at *1 (E.D. La. Mar. 17, 2021) (quoting *Hyde v. Hoffman-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007)) (alterations in original). "If such prejudice would ensue, the court may either refuse to dismiss the case or may 'craft conditions that will cure the prejudice.'" *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d 157, 163 (5th Cir. 2010) (quoting *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 318 (5th Cir.2002)).

Examples of legal prejudice that could be suffered by a defendant should such a motion be

granted include the loss of a potentially viable defense and the loss of significant time or expense in preparing for trial. *Id.* (citing *Hyde*, 511 F.3d at 509; *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003). As such, denial of a motion for voluntary dismissal is proper when a plaintiff seeks dismissal at a late stage of the proceedings or appears to seek dismissal "to circumvent an expected adverse result." *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991); *In re FEMA*, 628 F.3d at 162 (5th Cir. 2010).

Here, Plaintiffs' motion for voluntary dismissal is unopposed. Defendants have not advised that granting Plaintiffs' motion would cause legal prejudice, nor have they suggested any conditions that the Court could impose on the dismissal to alleviate any purported harm. Indeed, there is no indication in the record that any party would face legal prejudice should the dismissal be granted. Plaintiffs seek dismissal at an early stage of the proceedings, and there is no indication that they are doing so to circumvent an expected adverse result. Because Plaintiff's FTCA claims are currently pending before the USPS, R. Doc. 5, p. 5; R. Doc. 6, p. 1, dismissal without prejudice is both consistent with the FTCA's jurisdictional prerequisites and appropriate under Rule 41(a)(2). For these reasons, Plaintiff's motion for voluntary dismissal without prejudice is GRANTED.

    b. *Defendants' Motion to Dismiss*

Because dismissal under Rule 41(a)(2) will terminate the present action in its entirety, the Court need not consider the merits of Defendants' pending motion to dismiss for lack of jurisdiction (R. Doc. 5). A dismissal without prejudice places the parties in the same position contemplated by the FTCA's exhaustion requirement and affords Defendants the same relief sought in their Rule 12(b)(1) motion. Accordingly, Defendants' pending motion to dismiss is DENIED AS MOOT.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to voluntarily dismiss the case without prejudice (R. Doc. 6) is **GRANTED**, and all claims are **DISMISSED WITHOUT PREJUDICE**, with each party to bear its own costs.

**IT IS FURTHER ORDERED** that the pending motion to dismiss for lack of jurisdiction (R. Doc. 5) is **DENIED AS MOOT**, without prejudice to it being reasserted in any future lawsuit filed by Plaintiffs.

New Orleans, Louisiana, this 1st day of December 2025.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE